In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00154-CR
______________________________


FRANCIS PATRICK ESSER, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the County Court at Law No. 4
Collin County, Texas
Trial Court No. 4-81169-02


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Francis Patrick Esser appeals from his conviction by the court for possession of
between two and four ounces of marihuana. The evidence shows that Esser's father found
the marihuana in a box beside Esser's bed and turned it over to police. The court
sentenced Esser to ninety days' confinement and a $200.00 fine.



          Esser contends the evidence is both legally and factually insufficient to support the
conviction because there are insufficient affirmative links to show that the contraband
belonged to him. He also contends trial counsel was ineffective for not objecting to
admission of the hearsay statement made by Esser to his father that he was holding the
marihuana for someone else, that he (Esser) owed someone a thousand dollars, and that
he had to get the marihuana back from his father so he could return it to that person.
          In reviewing the legal sufficiency of the evidence, we view the relevant evidence in
the light most favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In reviewing factual sufficiency, we view the
evidence in a neutral light, favoring neither party. Id. We set aside the verdict only if it is
so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. 
Id.  
          There is evidence the contraband was found in Esser's bedroom, next to his bed. 
There is Esser's own admission he knew it was there and his insistence on recovering it. 
That evidence is legally sufficient to support the verdict. Further, there is no real
contradictory testimony, except for Esser's statement he was just holding it for someone
else. However, Esser also said he needed to use the contraband to discharge his own
debt. If we treat this testimony as inconsistent, when evidence both supports and conflicts
with the verdict, we must assume the fact-finder resolved the conflict in favor of the verdict. 
Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). 
          Because the jury is the sole judge of weight and credibility of the witnesses, it may
accept or reject any or all testimony of any witness. See Heiselbetz v. State, 906 S.W.2d
500, 504 (Tex. Crim. App. 1995). Again, our role is not to "find" facts; rather, it is to see
if we can determine that the verdict is against the great weight of the evidence presented
at trial so as to be clearly wrong and unjust. Zuliani v. State, 97 S.W.3d 589, 594–95 (Tex.
Crim. App. 2003). Under this state of the evidence, we find it both legally and factually
sufficient to support the verdict.
          Esser next contends he received ineffective assistance of counsel at trial. The
standard of testing claims of ineffective assistance of counsel is set out in Strickland v.
Washington, 466 U.S. 668 (1984). To prevail on this claim, an appellant must prove by a
preponderance of the evidence (1) that his or her counsel's representation fell below an
objective standard of reasonableness, and (2) that the deficient performance prejudiced
his or her defense. Id. at 686; Rosales v. State, 4 S.W.3d 228, 231 (Tex. Crim. App.
1999). To meet this burden, an appellant must prove that the attorney's representation fell
below the standard of prevailing professional norms and that there is a reasonable
probability that, but for the attorney's deficiency, the result of the trial would have been
different. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).
          Esser specifically complains counsel was ineffective for failing to object to the
father's testimony about the statements made by his son regarding the marihuana,
contending it was inadmissible hearsay. Under Tex. R. Evid. 801(e)(2)(A), the statement
was an admission against interest, made by a party and offered against him or her. Under
the rule, it is defined as "not hearsay." Counsel does not act below an objective standard
of reasonableness when he or she does not object to evidence which is admissible. Luster
v. State, 85 S.W.3d 865, 870 (Tex. App.—Eastland 2002, pet. ref'd); Manley v. State, 28
S.W.3d 170, 175 (Tex. App.—Texarkana 2000, pet. ref'd). Accordingly, we cannot
conclude counsel acted below an objective standard of reasonableness in this instance. 
The contention of error is overruled.
 

          We affirm the judgment.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      March 24, 2004
Date Decided:         April 29, 2004

Do Not Publish